Vasilios C. MADIAS, Plaintiff,

v.

**DEARBORN FEDERAL CREDIT
UNION, a Federal Credit
Union, Defendant.**

Civil Action No. 96–40043.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 8, 1996.

Elaine Fieldman, Barris, Sott, Denn & Driker, Detroit, MI, for defendant.

John Coutilish, Garratt & Evans, Bloomfield Hills, MI, for plaintiff.

### ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

GADOLA, District Judge.

In the present action, plaintiff claims that defendant has withheld his name from the slate of candidates being elected to defendant's board of directors (hereinafter "the Board") in violation of the Federal Credit Union Act, 12 U.S.C. § 1751, *et. seq.* Accordingly, pursuant to Fed.R.Civ.P. 65, plaintiff requests that this court issue a preliminary injunction, enjoining defendant from holding its annual meeting on February 17, 1996, at which it intends to elect members to the Board.[1] Pursuant to Local Rule 7.1(e)(2), the court will decide this matter based upon the papers submitted to the court. For the following reasons, the court will deny plaintiff's motion for a preliminary injunction.

Members of defendant credit union may be eligible for election to the Board by one of two ways: (1) being selected by the defendant's nominating committee, or (2) by obtaining 500 member signatures. Plaintiff desired to be a candidate for one of the three

---

1. Three of the nine positions on the Board are    scheduled to be elected on February 17, 1996.

Board positions being elected on February 17, 1996. Plaintiff was not selected by the nominating committee, but did submit the requisite number of signatures in a timely manner. Defendant's bylaws, however, also require that all nominees for the Board be employees of one of the employers listed in defendant's field of membership. Plaintiff does not meet this requirement. Accordingly, defendant notified plaintiff that his name would not be included on the slate of candidates for positions on the Board. The only members listed on the slate of candidates for the three positions up for election are the three incumbents currently holding those positions.

In response to the defendant's refusal to place him on the slate of candidates, plaintiff filed the present action, alleging that the requirement that he must work for certain employers to be eligible for election to the Board violates the Federal Credit Union Act.

■ There are four factors which a district court should consider in deciding whether to exercise its discretion to grant a preliminary injunction:

(1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction will harm others; and (4) whether the public interest would be served. A district court is required to make specific findings concerning each of the four factors, unless fewer are dispositive of the issue.

*International Longshoremen's Ass'n, AFL–CIO, Local Union No. 1937 v. Norfolk Southern Corp.*, 927 F.2d 900, 903 (6th Cir.1991).

■ With respect to the first factor, this court believes that the plaintiff has a reasonable likelihood of success on the merits. While there is nothing in the language of the Federal Credit Union Act which expressly forbids credit unions from enacting additional bylaws which restrict eligibility for election to boards of directors, the NCUA, which is the federal agency responsible for overseeing federal credit unions, believes that the bylaw is contrary to the intent of the Federal Credit Union Act. This is because one of the purposes of that act is to ensure that bylaws of all federal credit unions are uniform with respect to the election of directors. While not controlling, the agency's opinion on this issue should be considered by this court. *See Chemical Mfrs. Ass'n v. Natural Resources Defense Council,* 470 U.S. 116, 125, 105 S.Ct. 1102, 1107, 84 L.Ed.2d 90 (1985). Thus, this factor weighs slightly in favor of plaintiff.[2]

It is with respect to the second factor, the avoidance of irreparable harm, that plaintiff falls woefully short. Plaintiff cannot show that the preliminary injunction that he seeks will prevent any irreparable injury. Plaintiff contends that being wrongfully denied the opportunity to be a candidate for the Board is an irreparable injury because monetary damages after the fact will not be able to fully compensate him. Assuming for the moment that this is true, a preliminary injunction by this court is incapable of preventing this irreparable injury.

Regardless of whether this court issues a preliminary injunction, plaintiff could not be elected to the Board until after a final resolution of these proceedings. If the court grants the preliminary injunction, then the incumbents remain on the Board pending resolution of this action. Then, if plaintiff wins, the annual election is held in which plaintiff may obtain a seat on the Board. As pointed out by defendant, if this court does not grant the preliminary injunction, then the incumbents are elected and remain on the Board pending resolution of this action. Then, if plaintiff wins, this court may require that new elections be held. In these new elections, plaintiff may obtain a seat on the Board. Either way, plaintiff's allegedly irreparable harm, i.e., being excluded as a

2. The court stresses that it is not holding that the challenged bylaw is in violation of the Federal Credit Union Act. As pointed out by defendant, this particular bylaw was approved by the appropriate federal agency when adopted and may not violate federal law. The court is merely recognizing that the plaintiff presents a good argument in support of his case, bolstered by the NCUA's opinion letters. The defendant also presents a good argument, however. At this time, the court need not determine the precise likelihood of plaintiff's success on the merits because, as discussed *infra,* plaintiff has completely failed to demonstrate that the requested preliminary injunction would alleviate any irreparable harm.

candidate for election to the Board, will not be lessened by the issuance of the requested preliminary injunction.

Plaintiff asserts that any special election ordered by this court would not be as well attended as the election held at the scheduled annual meeting. Thus, plaintiff argues that he would be harmed if he is elected at the end of these proceedings in a special election, rather than elected at the end of these proceedings in the delayed annual election. This argument does not make much sense. First of all, any special election would have proper notice to ensure that as many members as possible participate. Second, even if plaintiff's premise is true and fewer members would vote in a special election, his conclusion does not follow. Plaintiff fails to explain how he is harmed by fewer members voting in the election in which he is a candidate. There is no indication that his chances of winning such an election are worse if fewer members attend. Certainly, the number of members who attend the election will not influence plaintiff's status, if successfully elected. He will be equal to all other members of the Board. Thus, even if a special election would not be identical to the scheduled annual election, plaintiff has failed to express how any differences materially harm the plaintiff.

The total inability of the requested preliminary injunction to prevent plaintiff's allegedly irreparable injury sounds a death knell for plaintiff's motion. "Despite the overall flexibility of the test for preliminary injunctive relief ... equity has traditionally required a showing of irreparable harm before an interlocutory injunction may be issued." *Oleson's Food Stores v. Local 876 United Food & Commercial Workers,* 797 F.Supp. 591, 592 (W.D.Mich.1991) (quoting *Friendship Materials, Inc. v. Michigan Brick, Inc.,* 679 F.2d 100, 105 (6th Cir.1982)). The cases cited by plaintiff do not convince this court otherwise. In *Doe v. Duncanville Indep. Sch. Dist.,* 994 F.2d 160 (5th Cir.1993), cited by plaintiff, the court was enjoining the defendant school from initiating prayers in school. There, the injunction clearly stopped the allegedly irreparable harm because it prevented the offensive conduct by the defendants. That is not the case here because a preliminary injunction will not hasten plaintiff's election to the Board, or the removal of the incumbents from their positions on the Board. In *Harrington v. Philadelphia City Employees Federal Credit Union,* 243 Pa.Super. 33, 364 A.2d 435 (1976), the plaintiff's were candidates who had *already been elected* to the board of directors of a federal credit union and were going to be prevented from taking their seats. Thus, in that case, an injunction could have hastened the plaintiffs' ascension to the board of directors. Again, as explained above, that is not the case here.

Further, while accomplishing nothing for the plaintiff, except perhaps bargaining power, the issuance of a preliminary injunction would cost the defendant thousands of dollars. The arrangements for the annual election have already been made. Defendant would lose a substantial amount of money if it had to cancel its meeting at this late date. Thus, the third factor militates against issuing the injunction.

With respect to the fourth factor, public policy, plaintiff makes a good argument that holding an election pursuant to potentially invalid bylaws weakens public confidence in federal credit union elections. The court believes that there is, as plaintiff suggests, a public interest in the integrity of the election process. This factor weighs in favor of the injunction.

In balancing these four factors, the court should remember:

> There is no power the exercise of which is more delicate, which requires greater caution, deliberation, and sound discretion, or more dangerous in a doubtful case than the issuing of an injunction; it is the strong arm of equity, that never ought to be extended unless to cases of great injury, where courts of law cannot afford an adequate or commensurate remedy in damages.

*Detroit Newspaper Publishers Ass'n. v. Detroit Typographical Union No. 18,* 471 F.2d 872, 876 (6th Cir.1972), *cert. denied,* 411 U.S. 967, 93 S.Ct. 2149, 36 L.Ed.2d 687 (1973) (citation omitted). In this particular case, the second factor, the prevention of irreparable harm to the plaintiff, overwhelms the

other factors. This court is convinced that the issuance of a preliminary injunction would not hasten plaintiff's participation in an election for the Board. Further, the court firmly believes that a special election, which could be ordered at the end of these proceedings, would be functionally equivalent to the election at the annual meeting. Thus, this court finds that the plaintiff will not avoid any irreparable harm if this preliminary injunction is granted.

### ORDER

Therefore, it is hereby **ORDERED** that plaintiff's Motion for Preliminary Injunction be **DENIED.**

**SO ORDERED.**